UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-CR-599 |
| Plaintiff, | ) ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) ) | |
| ARIEL ARRENDONDO, | ) ) | **OPINION AND ORDER** |
| Defendant. | ) ) | |

Before the Court is Defendant Ariel Arrendondo's *pro se* motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence pursuant to Part B of Amendment 821 to the United States Sentencing Guidelines. (Doc. 55.) The Federal Public Defender's Office, having been appointed as counsel, filed a Notice of No Supplement. (Doc. 58; *see also* NDOH General Order No. 2023-20.) The government has not submitted any opposition to the motion. (*See* NDOH General Order No. 2023-20.)

**I.      Background**

On November 23, 2023, Ariel Arrendondo ("Arrendondo" or "Defendant") pleaded guilty to one count of conspiracy to possess with intent to distribute controlled substances (heroin and methamphetamine) in violation of Title 21 U.S.C. § 846, and two separate counts of possession with intent to distribute in violation of Title 21 U.S.C. §§ 841(a)(1), (b)(1)(A). (Minute Entry, Nov. 23, 2023.)

At sentencing, the Court determined that Arrendondo's criminal history resulted in a total

criminal history score of three and a corresponding criminal history category II. (Doc. 50, Final PSR, Part B; Doc. 54, Statement of Reasons.) After considering the Section 3553(a) sentencing factors, the Court imposed a 151-month term of incarceration on all three counts, to be served concurrently, and that the total term be served concurrently to the undischarged term imposed by the Southern District of New York in Case No. 1:21cr741. (Doc. 53.)

## II. Discussion

District courts are generally prohibited from modifying "a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, "when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," that sentence may be reduced if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the Section 3553(a) factors weigh in favor of a reduction. 18 U.S.C. § 3582(c)(2). The statute therefore requires the Court to consider the following: (1) eligibility for the reduction, and (2) if eligible, that a reduction is consistent with the Section 3553(a) sentencing factors. *United States v. Thompson*, 714 F.3d 946, 948-49 (6th Cir. 2013); *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Arrendondo invokes Part B of Amendment 821, the zero-point offender provision. (Doc. 55.) This provision provides for a two-level reduction in the offense level computation for "zero-point offenders." U.S.S.G. § 4C1.1(a). Zero-point offenders are those defendants who can demonstrate that none of the specific aggravating factors identified in subparts (1) through (10) of Section 4C1.1(a) apply. At sentencing, Arrendondo was properly assessed three criminal history points. He cannot establish, as he must, that he "did not receive any criminal history points from Chapter Fourt, Part A." U.S.S.G. § 4C1.1(a)(1). Arrendondo is not eligible for a reduction pursuant to Section 4C1.1(a).

Accordingly, the motion for sentence reduction (Doc. 55) is DENIED.

IT IS SO ORDERED.

Date:  September 25, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE